UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRIDGET VILORIA wife of and                         CIVIL ACTION
TONY VILORIA

VERSUS                                              NO. 07-6915

STATE FARM FIRE AND                                 SECTION "N"  (3)
CASUALTY COMPANY

## ORDER AND REASONS

Before the Court is Plaintiffs' **Motion to Remand (Rec. Doc. 7)**.  After reviewing the

Petition, the Notice of Removal, the memoranda of the parties, and the applicable law, the Court

denies the motion to remand for the reasons expressed herein.

### I.      Background

Plaintiffs in this case are Louisiana property owners who allegedly suffered damage to their

residence as a result of Hurricane Katrina. The property, located at 515 Elmeer Avenue in Metairie,

Louisiana, was insured under a homeowner's policy (#98-RB-8166-2) issued by State Farm Fire and

Casualty Company ("State Farm").  (Petition, ¶3).  Plaintiffs claim their home sustained significant

wind damage during Hurricane Katrina and shifted on its foundation.  (Petition, ¶ 4).  Plaintiffs

claim State Farm paid them only "a nominal amount for their wind-related damages." (Petition, ¶

5).  Plaintiffs further assert in their Petition that "State Farm has failed to pay its homeowner's limits

within thirty days of satisfactory proof of loss."[1]  (Petition, ¶ 11).  Plaintiffs also seek penalties and

attorneys fees pursuant to La. Rev. Stat. 22:658 and 22:1220.  Plaintiffs also state that "[b]ased on

the shoring estimates and the potential penalties and attorney's fee, the maximum amount of [their]

claims cannot exceed $75,000." (Petition,  ¶ 14).

State Farm removed this case to this Court on the basis of diversity jurisdiction.  Plaintiffs

now have filed the instant motion to remand, claiming that the requisite amount in controversy is

not satisfied.

## II.    Law and Analysis

Generally, a defendant may remove a civil action filed in state court if a federal court would

have had original jurisdiction over the action. See 28 U.S.C. § 1441(a). In removal actions, the

removing party bears the burden of establishing the existence of federal jurisdiction. *See De Aguilar

v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995). In assessing whether removal was appropriate,

the Court is guided by the principle, grounded in notions of comity and the recognition that federal

courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.,

Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any

ambiguities are construed against removal because the removal statute should be strictly construed

in favor of remand. *Id., Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000). The Court

must remand the case to state court "[i]f at any time before final judgment it appears that the district

court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction over all civil

---

[1]      Here, the homeowner's policy is for coverage in the amount of $2139,230 for the dwelling, $13,923 for its extension, $97,461 for its contents, and actual amount for living expenses for up to a 12 month period. (Opposition, p.2).

actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states.  Here, the only issue is whether the requisite amount in controversy; complete diversity of citizenship is not contested.

Although, in their Petition, Plaintiffs state that their claims cannot exceed $75,000 (Petition, ¶ 14), they also claim that State Farm failed to pay the "homeowner's limits" (Petition, ¶ 14). This amount is significantly more than the $75,000 jurisdictional minimum.  Further, a review of the Petition reveals that Plaintiffs also seek statutory penalties and attorney's fees under La. R.S. 22:658 and 22:1220. Finally, Plaintiffs have failed to provide any sworn stipulation that they affirmatively renounce and waive their right to recover any sums over and above $75,000.

Thus, the Court concludes that the jurisdictional threshold has been met.  Diversity jurisdiction is present.

### III.   Conclusion

For the reasons stated herein, **IT IS ORDERED** that **Plaintiffs' Motion to Remand (Rec. Doc. 7)** is **DENIED**.

New Orleans, Louisiana, this 13th day of December, 2007.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**