UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRIDGET VILORIA, WIFE OF <br> AND TONY VILORIA | * <br> * <br> * | CIVIL ACTION NO. 07-6915 |
| VERSUS | * <br> * | SECTION "N" |
| STATE FARM FIRE AND <br> CASUALTY COMPANY | * <br> * <br> * | MAGISTRATE (3) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

# ORDER AND REASONS

Before the Court are three motions, each by Defendant State Farm and each opposed: a Motion for Partial Summary Judgment as to Extra-Contractual Damages (that is, mental anguish damages under LA. REV. STAT. §§ 22:1220 and 22:658); a Motion for Partial Summary Judgment as to Bad Faith Claims (that is, penalties and attorneys' fees and costs under §§ 22:1220 and 22:658); and a Motion in Limine to Preclude Introduction of Prejudicial Evidence. After considering the memoranda and the applicable law, the Court rules as contained herein.

## I. BACKGROUND

The Vilorias' home in Metairie, Louisiana, is a 1940s-era wood frame house on a pier and beam foundation, with a two-story addition constructed in 2000 atop a concrete slab. After Hurricane Katrina, the house sustained minimal wind damage (less than $2,000, which did not exceed the policy deductible). There was no flood damage, and the Vilorias' file was closed. However, in 2006 Plaintiffs contacted State Farm to claim that their foundation had begun to crack. A contractor's estimate the Vilorias obtained in 2007 concluded that the cracking was

1

caused by Katrina's winds shifting the house on its foundation, commonly referred to as "racking." The Vilorias submitted the estimate on May 25, 2007 with their claim. The same day, a State Farm claims representative told Mr. Viloria that prior inspection and soil analysis suggested that the cracking was pre-existing and caused by natural settling. Mr. Viloria demanded that the house be inspected by a structural engineer. A State Farm claims adjustor inspected the home on June 19, 2007 and determined that the cracks were caused by settling, which was excluded by the Vilorias' policy. The Vilorias brought suit in the 24th Judicial District Court, Parish of Jefferson, on August 27, 2007. Plaintiffs stated claims for the value of the loss under the policy and additionally for mental anguish, punitive damages, and attorneys' fees and costs pursuant to LA. REV. STAT. §§ 22:1220 and 22:658, stemming from State Farm's arbitrary, capricious, and bad-faith failure to pay the 2007 claim. The case was removed on October 16, 2007.

## II. ANALYSIS

**A.** *Standard for Summary Judgment*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law ." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary

judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir.2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence ." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B.** *Motion for Partial Summary Judgment as to Extra Contractual Claims*

The question of whether Plaintiffs can recover mental anguish damages under §§ 22:658 and 22:1220 has roiled the courts of the Eastern District of Louisiana for some time.[1] This Court

---

[1] For cases concluding that such damages are available, see *Weiss v. Allstate Ins. Co.* 512 F.Supp.2d 463, 474-75 (E.D. La. 2007) (Vance, J.); *Faust v. State Farm Fire & Cas. Co.*, 2007 WL 1191163, at 3 (E.D. La. 2007) (Vance, J.); *Bowers v. State Farm Fire & Cas. Co.*, 2007 WL 2670087, at 1 (E.D. La. 2007) (Berrigan, C.J.); *Perrien v. State Farm Fire & Cas. Co.*, 06-8087 at 3 (Rec. Doc. 45) (Duval, J.); *Johnson v. State Farm Fire & Cas. Co.*, 2008 WL 2510088 at 1 (Barbier, J.); *Lambert v. State Farm Fire & Cas. Co.*, 2008 WL 2185419 at 6 (Africk, J.). For cases coming to the opposite conclusion, see *Johnson v. State Farm Fire & Cas. Co.*, 2008 WL 2185384, at 2 (E.D. La. 2008) (Lemelle, J.); *Louque v. State Farm Fire & Cas. Co.*, No. 06-2881, Tr. at 4:18-21 (E.D. La. 2008) (McNamara, J.); *Conerly v. State Farm Fire & Cas. Co.*, No. 07-4146 (E.D. La. 2008) (Rec. Doc. 29) (McNamara, J.).

need not enter these troubled waters, however, since it concludes that even assuming the availability of such damages, the Vilorias have not supported their allegations of mental anguish with such detail that a reasonable factfinder could find in their favor.

In a suit for damages, it is the plaintiff's burden to prove the extent of the loss suffered because of defendant's fault, and the award must be supported by the record. *Borden, Inc. v. Howard Trucking Co.*, 454 So.2d 1081, 1092 (La. 1983). "Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when the proof, taken as a whole, shows that the fact or causation sought to be proved is more probable than not." *Rye v. Terminix Serv. Co.*, 423 So.2d 754, 756 (La. App. 1982). Although the lack of independent, corroborating evidence need not be fatal to the plaintiff's burden of proof, the absence of even a minimum amount of detail or specificity regarding the extent of damages suffered precludes an award. *Arteck Serv., Inc., v. Crown Point Indus., Inc.*, 473 So.2d 345, 349 (La. App.1985). While it is true that in certain cases a plaintiff need not offer corroborating testimony or medical evidence to establish mental anguish damages, and that a claim for such damages may be supported solely by plaintiff's testimony, *see Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998), nonetheless such testimony must be "sufficiently detailed" to allow a Court to discern the basis of the claim for such damages, *id.*

In the instant case, Plaintiffs have made no such detailed showing. In fact, the sole evidence of mental anguish damages is an affidavit attached to the Plaintiffs' opposition, alleging in relevant part:

> State Farm's inadequate investigation of the wind damage to the foundation of our home, its inspection by an adjustor it knew was not qualified to evaluate the cause of the damage to the foundation, its refusal of our repeated requests that it retain a qualified engineer to evaluation [*sic*] the cause of the damage, its

>predetermined conclusion that the shifting and cracking of the house was caused by "settlement," and its attempt to place the burden on us to prove the damage was not caused by settlement, have caused us to suffer frustration, inconvenience, embarrassment, humiliation, aggravation, and expense.

Opp. Ex. A at ¶4 (Viloria Declaration). This affidavit is simply not "sufficiently detailed," *Migis*, 135 F. 3d at 1047, to support an award of mental anguish damages, even if such damages are available in this case.[2]

### C. *Motion for Partial Summary Judgment as to Bad Faith Claims*

State Farm argues that it based its denial on Plaintiffs' 2005 claim, which showed minimal wind damage, and on the inspection its adjustor conducted in June, which showed evidence of pre-existing cracks in the foundation, including shims that pre-dated Hurricane Katrina. State Farm argues that taken together, these facts suggest that it had a legitimate, non-arbitrary reason for denying the Vilorias' claim, which precludes the award of penalties and fees under §§ 22:1220 and 22:658.

Plaintiffs argue that State Farm determined to deny their claim from the moment it was received and failed to conduct a competent and thorough investigation, and that such failures create a genuine fact issue as to Defendant's bad faith. In support of this argument, Plaintiffs lean heavily on three pieces of evidence: that on the day the claim was filed, Mr. Viloria was advised by a State Farm claims representative that the cracking was due to settling; that the

---

[2] The conclusion is strengthened by noting what Plaintiffs actually said in their depositions concerning their attitudes about State Farm. Mr. Viloria testified that he "intend[s] to stay with State Farm" and that he is "happy with State Farm." (Anthony Viloria Dep. at 68:23-25.) State Farm "tried to be fair," he noted, and he doesn't believe "State Farm intentionally went out to hurt" them. (*Id.* at 72:25-73:4; *see also* Bridget Viloria Dep. at 84:11-13.). There was no testimony concerning the Vilorias' frustration, inconvenience, embarrassment, humiliation, and aggravation, beyond that attendant upon any litigation.

claims adjustor who inspected the property was inexperienced and untrained and had not reviewed State Farm's "Wind/Water Protocol"; and that this Protocol was not followed in that State Farm did not retain a structural engineer or other expert to inspect the property.[3]

Sections 22:658 and 22:1220 do not penalize insurance companies for failing to pay claims, but for failing to pay claims in a manner that is "arbitrary, capricious, or without probable cause." LA. REV. STAT. § 22:658(B)(1); LA. REV. STAT. § 22:1220(B)(5). Under both penalty statutes, Plaintiffs bear the burden of proving (1) that Defendant received satisfactory proof of loss; (2) failed to pay the claim within the applicable statutory period; and (3) that the failure to timely tender a reasonable amount was arbitrary, capricious, or without probable cause. *Block v. St. Paul Fire & Marine Ins. Co.*, 742 So. 2d 746, 752 (La. App. 1999). "The sanctions of penalties and attorney fees are not assessed unless a plaintiff's proof is *clear* that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay." *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003) (emphasis added); *see also Holt v. Aetna Cas. & Sur. Co.*, 680 So. 2d 117, 130 (La. App. 2d Cir. 1996) ("In bad faith actions, the insured is seeking extra-contractual damages, as well as punitive damages. Therefore, the insured's burden is great."). The statutory penalties are inappropriate when the insurer has a

---

[3] Regarding this alleged failure to follow the protocol, the pertinent portion of the Wind/Water protocol reads:

> Each claim should be handled on its merits. A causation investigation should be conducted and appropriate claim file documentation is required. Any available information should be considered in making a coverage determination. This information will include, but is not limited to: . . . Input from experts that may be retained to provide guidance.

Opp. Ex. E at 1 (Rec. Doc. 46).

reasonable basis to defend the claim and acts in good-faith reliance on that defense. *Reed*, 857 So. 2d at 1020-21.

In this case, it is uncontested that State Farm received satisfactory proof of loss and failed to pay the claim within the prescribed period. The only question is whether the failure to pay was arbitrary and capricious. State Farm had access to the 2005 claim that showed minimal wind damage to the property, which was one piece of evidence it relied upon in determining that the Viloria home had not sustained winds strong enough to move it on its foundations. That fact alone might be enough to support summary judgment on this issue, given the Plaintiffs' heavy burden. *See, e.g*, *DeFrancesch v. Employers Mut. Cas. Co.*, --- F.3d ---, 2008 WL 1930450 (E.D. La. 2008) (no genuine issue as to bad faith when expert suggested damage may have pre-existed storm); *Icklone v. Travelers Indem. Co.*, 345 So. 2d 202, 203-04 (La. App. 1977) (manifest error to award penalties for bad faith when insurance company had reason to believe damage was caused by age of roof). Plaintiffs claim that the denial was pre-determined, but State Farm did not rely solely on the earlier 2005 inspection. It sent an adjustor to the property, and it is uncontested that he inspected the pier and beam foundation and observed shims and other evidence of settling that pre-dated Hurricane Katrina. While there is a genuine fact dispute as to whether the adjustor's conclusion as to the cause of the damage was *correct*, there can be no dispute that State Farm acted pursuant to a good faith defense and that such reliance was not arbitrary and capricious within the meaning of §§ 22:658 and 22:1220.

Plaintiffs rely on this Court's decision in *Felham Enter. v. Certain Underwriters at Lloyd's, London et al.*, --- F.Supp.2d ---, 2005 WL 2050284 (E.D. La. 2005) for the proposition that an insurance company's failure to follow internal procedures or protocols creates a triable

8

issue as to bad faith. But this reliance is misplaced. The defendant in *Felham* failed to respond to the plaintiff's repeated requests for information about the defendant's position, or even acknowledge that it had received the claim. It refused to respond to the plaintiff's tender of the vessel in that case. It refused to even acknowledge the settlement agreement that other parties to the case had worked out, much less join or reject it. And once it became obvious that its failure to respond had subjected it to civil liability, the defendant in that case went on a discovery "fishing expedition" to support a counterclaim of fraud, despite the obviously frivolous nature of the charge. By contrast, it is undisputed here that State Farm acknowledged the claim and sent an adjustor to investigate, as its protocols required. *See* Anthony Viloria Dep. at 17:7-22 (noting that State Farm was "responsive . . . in terms of getting out to [Plaintiffs'] home" and that Plaintiffs are "not making any complaints about unusual delay or refusal to return phone calls or anything of that nature.").

  Plaintiffs argue that the State Farm claim representative's on-the-phone suggestion that the cracks were caused by settling and not by wind shows that the denial was pre-determined. But no evidence has been presented that supports the inference that State Farm's ultimate denial of the claim was based on the claim representative's comments and not on the adjustor's report. In fact, Plaintiffs fail to explain why, if State Farm had pre-determined to deny their claim, the company sent an adjustor to inspect the property at all.

  Finally, this Court is simply not convinced by Plaintiffs' reading of the Wind/Water Protocol, as requiring the company to retain an engineer or other expert. The Protocol requires the company's claims handlers to consider "any *available* information," including experts that "*may* be retained to provide guidance." Opp. Ex. E at 1 (Rec. Doc. 46) (emphasis added). While

there may well be instances in which it would be in bad faith for an insurance company not to retain an expert to investigate a specific claim, nonetheless no reasonable factfinder could conclude that this language in the Wind/Water Protocol *requires* State Farm to hire an expert in every case, or simply because a claimant demands one.[4]

**D.** *Motions in Limine to Preclude Evidence*

State Farm moves to preclude as irrelevant and prejudicial the introduction of certain exhibits listed in the Plaintiffs' exhibit list, specifically:

  (1) State Farm's Wind/Water Protocol,
  (2) an engineering template form used by State Farm,
  (3) videos on handling wind versus water claims, and
  (4) a video specifically entitled "Which Was It: Wind or Water?"

While Plaintiffs' counsel argues that these items are "probative of their claims for coverage *and* bad faith claims handling," Opp. at 5 (emphasis added), Plaintiffs have not articulated any way in which these exhibits are relevant to the claims for coverage. In fact, the Court finds that Plaintiffs seek to introduce these exhibits to support the claim for bad faith. Having granted Defendant's motion for summary judgment as to the bad faith claims under §§ 22:658 and 22:1220, the Court concludes that these exhibits must be excluded under FED. R. EVID. 401 and 402, since they have no bearing on the question of whether the cracking of Plaintiffs' foundation was caused by Hurricane Katrina or by natural settling. Should Plaintiffs wish to introduce these exhibits for some purpose relevant to this question, they may make that showing at trial.

### III. CONCLUSION

---

[4] And in any case, State Farm did retain an expert, who concluded that the house had not been racked by Katrina's winds. While it is true that this expert was only retained after litigation commenced, nonetheless that is irrelevant to the question of whether State Farm acted in bad faith when it declined to retain an expert at the time the claim was filed.

Considering the foregoing, **IT IS ORDERED** that

(1) Defendant's **Motion for Partial Summary Judgment as to Extra-Contractual Damages (Rec. Doc. 42)** is hereby **GRANTED**;

(2) Defendant's **Motion for Partial Summary Judgment as to Bad Faith Claims (Rec. Doc. 43)** is hereby **GRANTED**;

(3) Defendant's **Motion in Limine to Preclude Introduction of Prejudicial Evidence (Rec. Doc. 38)** is hereby **GRANTED**.

New Orleans, Louisiana, this 22nd day of October 2008.

                                    KURT D. ENGELHARDT
                                    United States District Judge